Mr. Justice Moore
delivered the opinion of the Court.
In this action the people seek reversal of a judgment *160 entered in the trial court dismissing an information filed against the defendant in error.
The pertinent allegations contained in the information are as follows:
“* * * on the 9th day of February, A.D., 1962, * * * WILLIAM R. PLUMLEE, * * * with the intent to defraud and deceive one DEMPSEY-TEGELER & CO., INC. * * * did wilfully, unlawfully and feloniously make, draw, utter and deliver to said DEMPSEY-TEGELER & CO., INC. * * * a certain check for the payment of money in the sum of Six Thousand Seven Hundred Twenty-one Dollars and Thirty-three Cents ($6,721.33) drawn upon and against, and directing payment thereof by LAKESIDE NATIONAL BANK at Denver, Colorado, wherein said WILLIAM R. PLUMLEE, * * * did not then and there have, and wherein he had not had within ninety days prior to said February 9, 1962, an existing bank account for the payment thereof; and said instrument in writing was in words and figures as follows: (a copy of the check is here set forth) contrary to the form of the statute * *
The statute under which the information was filed is C.R.S. ’53, 40-14-10 and reads as follows:
“Any person, firm or corporation, who, with intent to defraud or deceive, shall make or draw or utter or deliver any check, draft or order for the payment of any draft in whatsoever manner contracted or for the payment of money upon any bank, banking association or other depository wherein such maker or drawer shall not have an account for the payment of the same, or, who having had an account, said account has been closed by said bank, banking association, or other depository for a period of ninety days or more prior to the drawing or uttering or delivery of said check, draft or order for the payment of the same, for the payment of services, wages, salary, labor, rent, goods, merchandise, money, or other thing of value, shall be guilty of a felony. * * *” We have italicized in the foregoing quotation that, por *161 tion of the statute which gives rise to the controversy here.
Defendant filed a motion in which the attention of the court was directed to the variance between the portion of the statute which is hereinabove emphasized and the language employed in the information. He asserted that that portion of the information which alleged that defendant issued a check upon a bank, “* * * wherein he had not had within ninety days prior to said February 9, 1962, an existing bank account for the payment thereof” could not and did not allege the commission of any crime as defined in said statute. The prayer of the motion was for dismissal of the information for the reason that no crime was charged therein, or in the alternative, defendant moved the court to strike from the information the words hereinabove last quoted. After considerable argument the trial court dismissed the action.
We agree with counsel for defendant that the language contained in the information which reads: “Wherein he had not had within ninety days prior to said February 9, 1962, an existing bank account for the payment thereof,” does not allege the commission of any crime, nor does it constitute a necessary ingredient of a crime under the law; said language is mere surplus-age and should have been stricken from the information. However, it does not follow that the information should have been dismissed because of the inclusion therein of the surplusage above referred to. The information did charge the commission of a crime prohibited by the statute in that the defendant was accused of passing a check drawn upon a bank wherein he “did not then and there have * * * an existing bank account for the payment thereof.”
The statute above quoted describes in the disjunctive two ways in which a violation thereof may be committed. With reference to the offense of passing a check on a bank in which the maker shall not have an account for the payment of same, the information was *162 in the language of the statute and sufficient to charge the commission of a crime. The attempt to add in the single count of the information language intended to include a second method of violating the- statute failed to follow the language of the statute, and was wholly insufficient to accuse defendant of violating the statute under the second phase thereof, however the inclusion in the information of this surplusage does not destroy the validity of the charge correctly made.
The trial court erred in dismissing the action and the judgment accordingly is reversed and the cause remanded with directions to reinstate the information and proceed with trial of the offense.
Mr. Justice Sutton not participating.